**Opinion filed July 17, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00170-CR

_____

### DONALD McKINLEY, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 161st District Court**

**Ector County, Texas**

**Trial Court Cause No. B-41,729**

### M E M O R A N D U M   O P I N I O N

The jury convicted Appellant, Donald McKinley, of the offense of burglary of a habitation and assessed his punishment at confinement for fifty years and a $10,000 fine. We dismiss the appeal.

The documents on file in this case indicate that Appellant's sentence was imposed on May 9, 2014, that a motion for new trial was not timely filed, and that a notice of appeal was filed in the district clerk's office on June 23, 2014. When the appeal was filed in this court on June 25, 2014, we notified Appellant by letter

that the notice of appeal appeared to be untimely filed. We requested that Appellant respond on or before July 7, 2014, and show grounds to continue this appeal. We also informed him that the appeal may be dismissed for want of jurisdiction.

In response to this court's letter, Appellant filed a motion to extend the deadline for filing his notice of appeal. Appellant explained in his motion that he timely faxed a motion for new trial, that he intended to fax it to the district clerk for filing, but that he inadvertently sent it to a fax number similar to that of the district clerk. The motion for new trial was thus not timely filed. However, Appellant did not discover the mistake until he received this court's June 25 letter.

Pursuant to TEX. R. APP. P. 26.2(a), a notice of appeal is due to be filed either (1) within thirty days after the date that sentence is imposed in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed in open court. To be timely, a motion for new trial must be filed no later than thirty days after the date sentence is imposed. TEX. R. APP. P. 21.4(a). Because Appellant did not timely file a motion for new trial, his notice of appeal was due on Monday, June 9, instead of ninety days after sentencing.

The appellate rules provide for a fifteen-day extension of time to file a notice of appeal. *See* TEX. R. APP. P. 26.3. Rule 26.3 mandates, however, that both the notice of appeal and the motion for extension must be filed within fifteen days after the deadline for filing the notice of appeal. Although Appellant's notice of appeal was filed within the time allowed by Rule 26.3, his motion for extension was not. Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain the appeal. *Slaton v. State*, 981 S.W.2d 208 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App.

1993).  Although we recognize that Appellant's failure to timely file his notice of appeal may have been due to "accident or mistake" as he suggests, we have no jurisdiction to grant Appellant's untimely motion for extension.[1]  *See Olivo*, 918 S.W.2d 519.

Accordingly, Appellant's motion to extend the deadline for filing his notice of appeal is overruled, and this appeal is dismissed for want of jurisdiction.

PER CURIAM

July 17, 2014

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

---

[1]We note that Appellant may, however, be able to secure an out-of-time appeal by filing a postconviction writ pursuant to TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2013).

3